UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>                    Plaintiff in Interpleader,<br><br>         -v.-<br><br>RONALD HUNT et al.,<br><br>                    Defendants in Interpleader. | 23 Civ. 1450 (JHR) (KHP)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

On April 22, 2024, Plaintiff in Interpleader New York City Health and Hospitals Corporation (the "Stakeholder") filed a motion for discharge and dismissal pursuant to 28 U.S.C. § 2361 (the "Motion"). *See* ECF No. 52. Before the Court is the May 24, 2024 Report and Recommendation (the "Report") of Magistrate Judge Katharine H. Parker, *see* ECF No. 60, recommending that the Motion be granted. The Court has examined the Report and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and adopts it in its entirety.

## BACKGROUND

On February 22, 2023, the Stakeholder filed the Complaint in Interpleader against Defendants in Interpleader Ronald Hunt, Stephanie Hunt-Guillaume, Desmond Hunt, Courtney Hunt, and Adrian Daniel Williams. *See* ECF No. 1. Invoking the Court's jurisdiction pursuant to 28 U.S.C. § 1335(a), the Stakeholder alleged it faced adverse claims concerning Dr. Daniel Hippolyte Hunt (the "Decedent")'s vested account balance under the Stakeholder's 403(b) Non-ERISA Volume Submitter Plan, for which the Stakeholder is the plan administrator. *Id.* ¶¶ 14, 31, 44-47. On March 10, 2023, the Stakeholder filed a motion for interpleader deposit and

preliminary injunctive relief, *see* ECF No. 16, which the Court granted on March 31, 2024, *see* ECF No. 48. On April 8, 2024, the Court referred the case to Judge Parker for general pretrial purposes and for dispositive motions requiring a report and recommendation. *See* ECF No. 49. On April 22, 2024, the Stakeholder filed the Motion, which Defendants in Interpleader did not oppose. *See* ECF No. 52. On May 24, 2024, Judge Parker issued the Report recommending that the Motion be granted. *See* ECF No. 60.

The Report notified the parties that "Plaintiff [ ] ha[d] fourteen days and Defendants [ ] ha[d] seventeen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." *Id.* at 4. *See also* Fed. R. Civ. P. 6(a). The Report also cautioned that "failure to file timely objections shall result in a waiver of those objections for purposes of appeal." ECF No. 60 at 4.

To date, no objections have been filed.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, NA.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As "[n]o objection to the [Report] was submitted within the seventeen-day window," review for clear error is appropriate. *Obah v. Dep't of Admin. for Child. Servs.*, No. 23 Civ. 4997 (GHW), 2024 WL 2848883, at *1 (S.D.N.Y. May 30, 2024) ("review[ing] the [report and recommendation] for clear error and find[ing] none"). The Court has carefully reviewed the Report and finds no clear error.

"Because the [Report] gave the parties adequate warning, *see* [ECF No. 60 at 4], the failure to file any objections to the [Report] precludes appellate review of this decision." *Levinson v. U.S. Fed. Bureau of Prisons*, 594 F. Supp. 3d 559, 563 (S.D.N.Y. 2022); *see also Stevens v. Duquette*, No. 22-1571, 2024 WL 705954, at *1 (2d Cir. Feb. 21, 2024) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))).

## CONCLUSION

Accordingly, the Report is ADOPTED in full. The Stakeholder's motion for discharge and dismissal is GRANTED. The Stakeholder is hereby "discharge[d] and protect[ed] against further liability pursuant to 28 U.S.C. § 2361." ECF No. 60 at 3.

The Clerk of Court is directed to terminate ECF No. 52.

The Clerk of Court is further directed to terminate Plaintiff in Interpleader New York City Health and Hospitals Corporation from this case.

SO ORDERED.

Dated: June 18, 2024
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge