USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK CITY HEALTH & HOSPITALS CORPORATION,

        Plaintiff in Interpleader,

-v.-

RONALD HUNT individually and as personal representative for the estate of Dr. Daniel Hippolyte Hunt, STEPHANIE HUNT-GUILLAUME, DESMOND HUNT, COURTNEY HUNT, and ADRIAN WILLIAMS,

        Defendants in Interpleader.

23 Civ. 1450 (JHR) (KHP)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

JENNIFER H. REARDEN, District Judge:

    This interpleader action concerns the disposition of proceeds from the retirement plan of Daniel Hippolyte Hunt (the "Decedent"). Defendants Stephanie Hunt-Guillaume, Desmond Hunt, Courtney Hunt, and Adrian Williams (collectively, "Cross-Claimants") moved for summary judgment on June 5, 2024, ECF No. 61, and Defendant in Interpleader Ronald Hunt, acting *pro se*, cross-moved for summary judgment on July 6, 2024, ECF No. 66. These motions were referred to Magistrate Judge Katharine H. Parker for a Report and Recommendation. *See* ECF No. 49.

    In the Report and Recommendation filed on December 4, 2024, Judge Parker recommended that Cross-Claimants' motion for summary judgment be granted, that Ronald Hunt's cross-motion for summary judgment be denied, and that Cross-Claimants' motion for summary judgment as to their cross-claim for sanctions, attorneys' fees, and costs against Ronald Hunt be denied. *See* ECF No. 71. The Court has examined the Report and Recommendation and

notes that no objections have been filed. For the reasons stated below, the Court finds no error in the Report and Recommendation and adopts it in its entirety.

## BACKGROUND[1]

Plaintiff in Interpleader New York City Health & Hospitals Corporation ("HHC") brought this action on February 22, 2023, seeking, *inter alia*, "an order setting forth the proper recipients" of the Decedent's "vested account balance" (the "Proceeds") under HHC's 403(b) Non-ERISA Volume Submitter Plan (the "Plan"), for which HHC is the plan administrator. ECF No. 1 at ¶¶ 14, 31, 44-47. On March 10, 2023, HHC moved the Court for permission to deposit the Plan's Proceeds with the registry of the Court. ECF No. 16 (Motion for Interpleader Deposit). Cross-Claimants answered the Complaint on March 23, 2023 and asserted cross claims against Ronald Hunt, seeking (1) the "deduct[ion]" of "any financial award of costs or fees to be made to [HHC] . . .solely from any funds to be distributed to Ronald Hunt,"[2] and that (2) "Ronald Hunt reimburse Cross-Claimants for their reasonable attorneys' fees and costs related to this action." ECF No. 27 at 10. Ronald Hunt answered the Complaint and Cross-Claimants' claims on May 2, 2023.[3] ECF No. 37.

The Court granted HHC's Motion for Interpleader Deposit on March 31, 2024, ECF No. 48, and referred the case to Judge Parker for general pretrial supervision and reports and recommendations on dispositive motions. After depositing the Proceeds with the registry of the Court, HHC moved for discharge and dismissal pursuant to 28 U.S.C. § 2361. ECF No. 52. Judge Parker entered a Report and Recommendation granting that motion on May 24, 2024, ECF No. 60, which the Court adopted on June 18, 2024, ECF No. 63.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 71.
[2] As discussed, *infra*, HHC was dismissed from this case on May 24, 2024, ECF No. 60, and did not move for attorneys' fees or costs.
[3] HHC consented to the untimely filing. ECF No. 44.

Cross-Claimants moved for summary judgment on June 5, 2024, seeking distribution of the Proceeds "pursuant to the terms of the [P]lan's governing documents." ECF No. 61-8 (Motion) at 8. Ronald Hunt opposed the Motion and cross-moved for summary judgment on July 6, 2024, arguing, *inter alia*, that the Proceeds are "an estate asset" and thus should be distributed "according to the [Decedent's] last will and testament." ECF No. 66 (Cross-Motion) at 13. Cross-Claimants replied and opposed the Cross-Motion on August 22, 2024.[4] ECF No. 68.

The Report and Recommendation notified Ronald Hunt that he had seventeen days from service of the Report and Recommendation—until December 21, 2024—to file any objections. *See* ECF No. 71 at 17. The Report and Recommendation also notified Cross-Claimants that they had fourteen days from service of the Report and Recommendation—until December 18, 2024—to file any objections. The Report and Recommendation further cautioned that "**failure to file timely objections [would] result in a waiver of those objections for purposes of appeal.**" *See id.* In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. Nevertheless, as of the date of this Order, no objections have been filed, and no request for an extension of time to object has been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[4] Ronald Hunt was granted leave to file a sur-reply in further support of his cross-motion, ECF No. 59, but did not to do so.

3

U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

As neither Ronald Hunt nor Cross-Claimants filed any objections to the Report and Recommendation by their respective deadlines, the right to object to the Report and Recommendation or to obtain any appellate review has been waived.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).  Nevertheless, the Court has reviewed the Motion, Cross-Motion, and the Report and Recommendation and, unguided by objections, finds the Report and Recommendation to be well reasoned and grounded in fact and law.

Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 31, 2025
New York, New York

                                                                         *Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge